

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

FAGAN DICKSON
FIRST ASSISTANT

November 19, 1948

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-721

Re: Authority of the Comp-
troller to refund motor
fuel taxes when the affi-
davit shows that the fuel
was used within six months
from the date of delivery,
but the claim was not filed
until the expiration of six
months from the date of
delivery.

Dear Mr. Sheppard:

You request the opinion of this office upon the two ques-
tions presented in your letter of October 22, 1948, which we
quote in full as follows:

"A claimant for refund of motor fuel tax made
some twelve purchases of motor fuel totaling 1485
gallons between the dates July 9 and November 29,
1947. An invoice of exemption was properly issued
to cover each separate delivery, the last exemption
being for 275 gallons delivered on November 29, 1947.

"On January 7, 1948 the claimant had used only
1265 gallons of the total purchased so he filed claim
for refund of the tax on this amount, showing the bal-
ance of 220 gallons as being carried on hand and un-
used at that date, and warrant was issued to pay the
refund on the 1265 gallons.

"After January 7, 1948 the claimant continued to
use the fuel on hand, purchasing additional quantities
from time to time totaling 770 gallons, and on June
23, 1948 he again filed claim for the 770 gallons plus
the 220 gallons carried forward from the previous
claim. The Comptroller notified the claimant that
the 220 gallons carried forward had been purchased
on November 29, 1947 and must be deducted from
the current claim because more than six months
had elapsed between the purchase date of November
29, 1947 and the date the current claim had been filed

on June 23, 1948. This action was taken in view of Subsection (d), Section 13, Article 7065(b) Vernon's Annotated Civil Statutes of Texas which reads in part as follows:

"'When a claimant purchases or acquires for use motor fuel upon which a refund of the tax may be due, he shall within six (6) months from the date of delivery of the motor fuel upon which a refund is claimed, and not thereafter, file with the Comptroller an affidavit, on such form as may be prescribed by the Comptroller. . . .

"'No refund shall be made where motor fuel is used later than six (6) months from date of delivery or appropriation, and no refund shall ever be made where it appears from the invoice, or from the affidavits, or other evidence submitted, that the sale or delivery was made more than six (6) months prior to the date of filing of the application for refund. The date of filing shall be the day such claim is actually received in the Comptroller's office. . .'

"This department has construed the above provision to clearly preclude payment of a claim until the motor fuel has actually been used since payment of the claim is conditioned on proof that the motor fuel has been used within six months from the date it was delivered to the claimant. Since a claim cannot be paid until the fuel has been used the Comptroller has likewise held to the view that the actual use of the fuel for exempt purposes constitutes or establishes the claim for refund and that a claim does not exist until the fuel has been used for exempt purposes, and, therefore a purchaser could not legally file on a claim that does not exist until the motor fuel has been used for exempt or refundable purposes.

"The claimant in this instance, however, contends that when he reported the 220 gallons of fuel, purchased for exempt use, as being on hand and unused in his claim filed January 7, 1948 that such report constituted a claim for refund on the tax as of the date of the claim and that tax refund on the said 220 gallons can be legally paid when the motor fuel has been used for refundable purposes subsequent to the date the claim was filed provided that subsequent

proof has likewise been furnished to show that said motor fuel was used for refundable purposes within six months from the date of its delivery to the claimant.

"The Comptroller has been furnished proof that the 220 gallons of motor fuel involved here was used for refundable purposes within six months after it was purchased on November 29, 1947.

"Your answers to the following questions are therefore respectfully requested:

"Can the Comptroller legally issue a warrant to pay a claim for tax refund on motor fuel properly used for refundable purposes within six months after its delivery to the claimant, when said claim has been filed prior to the time such motor fuel has been actually used for refundable purposes?

"Does filing a claim within six months from the date of purchase and delivery of motor fuel which claim shows that the motor fuel is not used at the time of filing the claim, lift the six months limitation prescribed by Subsection (d), Section 13, Article 7065(b) Vernon's Annotated Civil Statutes of Texas and authorize the claimant to file claim on the motor fuel at a subsequent date when the motor fuel is used within six months from the date of purchase and delivery? "

It is necessary for us to consider Subsection (d), Section 13, of Article 7065(b), V. C. S., quoted in your letter. We need be concerned only with the question of the 220 gallons of motor fuel delivered to the claimant November 29, 1947, as reflected by the last exemption certificate. On January 7, 1948, the claimant filed on Form 7065-E his Affidavit of Claim for refund of the tax paid on exempt motor fuel as provided under the statute on the motor fuel he had used up to that time. The claim showed the purchase of 1485 gallons of motor fuel, but only 1265 gallons had been used, and 220 gallons was on hand at this date not

used, all as reflected by the Affidavit of Claim received in the Comptroller's office January 7, 1948.

Apparently it is claimant's contention that his Affidavit of Claim filed January 7, 1948, on which was shown this 220 gallons of motor fuel as unused constituted a claim for refund of the tax paid thereon, and that his subsequent Affidavit of Claim received by the Comptroller on June 23, 1943, showing the use of this 220 gallons of motor fuel within six months from the date of delivery was a sufficient compliance with the statute. To this we cannot agree. Our view is that the claimant did not actually file his Claim for Refund on this 220 gallons of motor fuel until he filed his second Affidavit June 23, 1948, which did in fact show the use of this motor fuel within the six-months' period from the date of delivery. Even though this Affidavit showed the use of this motor fuel within the six-months' period, it is quite obvious that the claim was not filed within six months from the date of delivery November 29, 1947, as required by the terms of the foregoing statute.

If the subsequent Affidavit of Claim, which showed the use of this motor fuel together with the use of other motor fuel purchased subsequent to the filing of the first claim, had been filed within six months from November 29, 1947, instead of June 23, 1948, said 220 gallons would be subject to a tax refund, and no question could arise as to the time of filing of the claim.

The statute clearly contemplates that a claim for refund be filed after the use of said motor fuel and not before. This is manifest from the following excerpt from the statute quoted above, describing what the affidavit, which is in fact the claim, should contain. Some of the provisions are:

> "Use for purposes other than in propelling motor vehicles over the highways of this state . . .; manner in which said motor fuel was used, and that no part of said motor fuel was used in propelling motor vehicles over the highways of this state . . .; that no refund shall ever be made when motor fuel is used later than six months from the date of delivery."

We think, under the statute, the claim that was filed June 23, 1948, and not the one that was filed January 7, 1948, was the claim which the Comptroller was required to consider in determining if the claim had been filed within six months from the date of delivery. If this be true, then the claim was filed later than six months from the date of delivery, November 29, 1947, and hence cannot constitute the basis for refunding the taxes. The statute

clearly says:

"When a claimant purchases or acquires for use motor fuel upon which a refund of the tax may be due, he shall within six (6) months from the date of delivery of the motor fuel upon which a refund is claimed, and not thereafter, file with the Comptroller an affidavit, on such form as may be prescribed by the Comptroller.. . ." (Emphasis ours)

The following, therefore, will answer both your questions:   The Comptroller may not issue a warrant to pay a tax refund claim on motor fuel, unless, as provided in Article 7065(b), Subsection (d), Section 13, the motor fuel has been used and claim filed within six months from the date of delivery. No claim arises until the motor fuel is used; hence the claim must be filed after the use and not before.

### SUMMARY

The Comptroller is not authorized under the terms of Art. 7065(b), Subsection (d), Sec. 13, to issue his warrant refunding taxes on motor fuel unless the motor fuel is used and the claim filed within six months from the date of delivery to the purchaser. A claim cannot be filed until the motor fuel is used.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

LPL/JCP

APPROVED:

FIRST ASSISTANT
ATTORNEY GENERAL